```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

LOUIS HORNICK & CO., INC.,

        Plaintiff,

     -v-                                                   No. 12 Civ. 5892 (LTS)

DARBYCO, INC. et al.,

        Defendants.

-------------------------------------------------------x
```

## MEMORANDUM ORDER

Plaintiff Louis Hornick & Company ("Plaintiff" or "Hornick") sues Defendants Darbyco, Inc., Darbyco, LLC (together, "Darbyco") and Home Fabric Finishing, Inc. (collectively, "Defendants") for breach of contract, breach of warranty of fitness, fraud, and conversion. Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendants contend that the Court lacks subject matter jurisdiction because the amount in controversy is insufficient to support diversity jurisdiction; alternatively, that the Court should abstain from hearing the case in favor of an action brought in North Carolina state court; and finally, that the Court should dismiss the Plaintiff's fraud claim as insufficiently pleaded. For the following reasons, the Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, that abstention would be inappropriate, and that the fraud claim should be dismissed for lack of particularity. Defendants' motion is, therefore, granted in part and denied in part.

## BACKGROUND

The Complaint in this action contains the following factual allegations. Hornick

is a New York company that manufactures curtains and window treatments. Darbyco is a North Carolina company that specializes in coating material in protective compounds. At issue in this case are a series of four purchase orders made between the two companies over a period of five months from late 2011 through mid-2012. (Compl. ¶ 9.) In October 2011, the parties agreed that Hornick would send uncoated fabric to Darbyco, which would then apply the coating at a cost of $1.95 per yard and ship the coated fabric back to New York, where Hornick would use it to make window treatments for sale. (Id. ¶¶ 10, 13.)

After a test run in November, Hornick notified Darbyco that the test batch of coated fabric did not meet its quality standards. (Id. ¶ 20.) Darbyco assured the Plaintiff that all quality issues would be resolved, and the Plaintiff signed the first purchase order for a certain yardage of fabric to be coated. (Id. ¶ 21.) Darbyco coated and returned the first batch of fabric, but, according to Hornick, the quality of this batch was even worse than that of the test run. (Id. ¶ 22.) Nevertheless, after further assurances from Darbyco, Hornick placed a second purchase order in January 2012. (Id. ¶ 24.) This second batch was also defective. (Id. ¶ 25.) Despite the quality control issues, Hornick used the coated fabric from both the first and second batches to make its window treatments and continued to sell these products to its customers. (Id. ¶ 28.) Defendants allege that Hornick never paid for either batch of coated fabric. (Def. Mem. in Supp. of Mot. to Dismiss at 3-4.)

In May 2012, Hornick issued third and fourth purchase orders, for the coating of 4,900 more yards of fabric. (Compl. ¶¶ 33, 34.) Darbyco received the fabric, but did not attempt to coat it. (Id. ¶ 80.) Instead, it held the fabric in its warehouse and demanded payment for the first two coating jobs, prompting this litigation. (Id. ¶¶ 36, 37, 38.)

Plaintiff's verified complaint asserts claims for $250,000 in damages on each of five causes of action – for alleged breach of contract, breach of warranty of fitness, fraud and conversion.  (Id., ¶¶ 54, 66, 73, 84, 84, 94.)  In the Plaintiff's papers in opposition to the motion to dismiss, Plaintiff proffers that its out-of-pocket losses alone exceed $87,000.  (Hornick Decl. ¶¶ 7, 12.)

## DISCUSSION

Defendants challenge the Court's subject matter jurisdiction, arguing that the Plaintiff cannot meet the amount in controversy requirement for the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendants also assert the Court should abstain from hearing the case in favor of litigation commenced by the Plaintiff in North Carolina and that Plaintiff fails to state, and properly plead, its fraud claim.  The Court addresses each of these arguments in turn.

Subject Matter Jurisdiction

"A Rule 12(c) motion for judgment on the pleadings based upon lack of subject matter jurisdiction is treated as a Rule 12(b)(1) motion to dismiss the complaint." United States ex rel. Phipps v. Comprehensive Community Development Corporation, 152 F. Supp. 2d 443, 448-449 (S.D.N.Y. 2001) ("[a] party invoking federal jurisdiction must allege in [its] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof") (citations omitted).  "In considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." Id. (citing Atlantic Mut. Ins. Co. v. Balfour Maclaine Intern. Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).  The court need not,

however, confine itself to the complaint and may consider evidence outside the pleadings, such as affidavits and other documents.  See Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986) ("when, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise").  "The plaintiff has the ultimate burden of proving that the court has subject matter jurisdiction by a preponderance of the evidence."  Goodwin v. Solil Management LLC, No. 10 Civ. 5546(KBF), 2012 WL 1883473, at *5 (S.D.N.Y. May 22, 2012) (internal quotation marks and citation omitted).

    Defendant Darbyco argues that, as a matter of law, the Court does not have subject matter jurisdiction to hear this case because the amount in controversy is insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.  The diversity statute confers original jurisdiction on federal district courts in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C.A. § 1332(a) (West 2006).  The Plaintiff must show that it "appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount."  Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (internal quotation marks and citation omitted).  Because the Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," "[t]o defeat this presumption, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  Kimm v. KCC Trading Inc., 449 F. App'x 85 (2d. Cir 2012) (internal quotation marks and citations omitted).  "If the right of recovery is uncertain, the doubt should be resolved . . . in favor of the subjective good faith of the plaintiff."  Tongkook America, Inc., 14 F.3d at 785-86 (internal quotation marks and citation omitted).  The amount in controversy is not to be confused with the eventual amount that may be awarded by the court;

valid defenses or actual recovery of less than the minimum amount in controversy will not deprive the court of jurisdiction.  Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999) (events occurring after the institution of the suit that lowered the amount recoverable to below the statutory requirement were not enough to divest the court of jurisdiction).

        Defendants argue that the Plaintiff is at best entitled to recover the contract price of coating the four batches of fabric plus the value of the third and fourth uncoated batches that Defendants kept as collateral and limited consequential damages.  Defendants quantify their maximum exposure as between $39,564.00 and $41,256.20.  (See Def.'s Mem. in Sup. of Mot. to Dismiss at 9-11; Labbate Decl. Ex. 8.)  In its principal's declaration submitted in opposition to the dismissal motion, however, Plaintiff alleges that it suffered out-of-pocket losses of at least $87,000 as a direct result of Defendants' conduct.  (Hornick Decl. ¶¶ 7, 12.)  The declaration provides a breakdown of the components of this claim and is accompanied by invoices and other documentation.  This evidentiary proffer is sufficiently specific to meet the Plaintiff's burden of demonstrating a reasonable probability that the value of its claim exceeds the jurisdictional threshold.  See Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070-71 (2d Cir. 1996) (based on plaintiff's allegations and other evidentiary proffers, the court "cannot say that the legal impossibility of recovery on [plaintiff's] complaint at the time it was filed was so certain as to virtually negat[e] the plaintiff's good faith in asserting the claim") (internal quotation marks and citations omitted).  In light of the sufficiency of this proffer, the Court need not address the Defendants' arguments regarding the availability of consequential damages.  Accordingly, the Court finds that the Plaintiff has alleged an amount in controversy sufficient to sustain diversity jurisdiction under 28 U.S.C. § 1332.

Abstention

        Defendants urge the Court to abstain from hearing this case out of deference to an action brought by Darbyco in the North Carolina General Court of Justice. The pendency of a parallel state case is a necessary predicate to any abstention. See Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 813 (1976) (recognizing an "extraordinary and narrow" exception to federal court jurisdiction where there is parallel state court litigation). On March 30, 2013, Darbyco voluntarily dismissed its state court action against Hornick. (See Hornick Aff., Ex. K.) Since there is no parallel state court litigation, there can be no proper basis for abstention in favor of such litigation.

The Fraud Claim

        Defendants also move to dismiss Plaintiff's fraud claim for, among other reasons, lack of the pleading particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. When making a fraud allegation, a plaintiff must state "the circumstances constituting fraud or mistake . . . with particularity." Fed. R. Civ. P. 9(b). Particularity requires that the plaintiff "(1) specify the statements that plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Stevelman v. Alias Research, Inc., 174 F.3d 79, 84 (2d Cir. 1999) (internal quotations omitted); Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999).

        Hornick generally alleges that Darbyco fraudulently induced the third and fourth purchase orders by "represent[ing] and warrant[ing] to [Hornick] that all quality control issues had been resolved." (Compl. ¶ 78.) Hornick also alleges that Defendants knowingly misled the

Plaintiff in order to secure collateral for the first two payments. (Id. ¶ 80.) The Court finds that these allegations are not sufficient to satisfy the heightened requirement of particularity. The Plaintiff has not identified any specific statements made by any of the Defendants or their agents, or when, where, and by whom those statements were made. Accordingly, the Plaintiff's fraud claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is denied insofar as it asserts lack of subject matter jurisdiction, granted insofar as Plaintiff's fraud claim is dismissed, and denied in all other respects. This Memorandum Order resolves docket entry number 24. The stay on this case is hereby lifted. If Plaintiff wishes to move for judgment by default, it must request authorization to do so, by letter, in accordance with the undersigned's Individual Practices Rules. Any such letter request must be delivered to Chambers (with copies provided to Defendants) by **August 12, 2013.** The final pretrial conference is this case is hereby scheduled for **November 1, 2013, at 2:00 p.m.** as a control date.

SO ORDERED.

Dated: New York, New York
　　　　July 23, 2013

　　　　　　　　　　　　　　　　　　　　　　　　/S
　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　United States District Judge