```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/29/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LOUIS HORNICK & CO., INC.,                                  :
                              Plaintiff,                    :
                                                            :
        -against-                                           :       12-CV-5892 (VSB)
                                                            :
DARBYCO, INC., DARBYCO, LLC,                                :       ORDER
HOME FABRIC FINISHING, INC.,                                :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      On October 21, 2014, I ordered that default judgment be entered against Darbyco, Inc., Darbyco, LLC, and Home Fabric Finishing, Inc. (collectively, "Defendants") on the issue of liability, and referred the matter to United States Magistrate Judge Deborah Freeman for an inquest to determine the appropriate amount of damages. (Doc. 91.) Before me is the detailed and thorough Report and Recommendation ("Report" or "R&R") of Magistrate Judge Freeman issued on August 19, 2015, (Doc. 100), recommending that no damages be awarded to Louis Hornick & Co., Inc. ("Plaintiff") with respect to the default judgment entered against Defendants, (R&R at 11). No objections, timely or otherwise, have been filed.[1] Because I agree with Magistrate Judge Freeman's determination that Plaintiff failed to establish damages with reasonable certainty, despite having been advised of the inadequacy of its submissions and directed to supplement its inquest submissions to show the bases for its damages calculations or risk a recommendation of no damages, I ADOPT the Report and Recommendation in its entirety

---

[1] Magistrate Judge Freeman's Report advised that "the parties shall have fourteen (14) days from service of this Report to file written objections." (R&R at 17.) The Report sent to Defendants in the mail was returned by the United States Postal Service as undeliverable, so I ordered another copy be sent to Defendants' corrected address and issued an Order granting Defendants an extension to file any objections until December 7, 2015. (Doc. 101.)

and decline to award Plaintiff any damages as a result of Defendants' default on the breach of contract, breach of warranty, and conversion claims.

I.     **Factual and Procedural Background**

The facts set forth in the Report are incorporated herein by reference unless otherwise noted.  On August 12, 2012, Plaintiff initiated this action by filing its Complaint, asserting claims against Defendants for breach of contract, breach of warranty, and conversion.  (Doc. 1.) Defendants, who were represented by counsel at the time, answered the Complaint on August 29, 2012, (Doc. 17), and filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on January 4, 2013, (Doc. 24).  On January 23, 2013, during a pretrial conference, Judge Laura Swain[2] issued an Order staying proceedings pending further order of the Court and directing the Clerk of Court to terminate Defendants' motion for judgment on the pleadings without prejudice for renewal.  (Doc. 30.)  Counsel for the Defendants filed a motion to withdraw pursuant to Local Rule 1.4 on January 28, 2013.  (Doc. 32, 33.)  On February 26, 2013, Judge Swain granted defense counsel's motion to withdraw from this action, and further stayed the case to allow Defendants time to find new counsel, while cautioning Defendants that they might face a default motion if they did not find counsel to represent them.  (Doc. 34.)  On March 14, March 25, June 5, July 9, 2013, and July 8, 2014, Judge Swain and I informed Defendants that, as corporate entities, they could not proceed in this action pro se, and that judgment could be entered against them if no attorney filed a notice of appearance on their behalf.  (*See* Docs. 38, 43, 54, 56, 69.)

On August 29, 2014, Plaintiff filed requests for default against Defendants, (Docs. 72, 74, 76, 78, 80, 82), an affidavit, and affirmations in support of the requests for default, (Doc. 73, 75,

---

[2] This case was initially assigned to District Judge Laura Swain and reassigned to me on February 4, 2014.

77, 79, 81, 83). The Clerk of Court entered Certificates of Default against Defendants on September 2, 2014. (Docs. 84-86.) Plaintiff sought, and I issued, an Order to Show Cause on September 8, 2014, which was mailed to Defendants by Federal Express on September 17, 2014, directing Defendants to show cause why an order should not be issued granting Plaintiff a default judgment. (Docs. 87, 88.) By letter dated September 27, 2014, Ronald Barts, principal of Darbyco, Inc. and Darbyco, LLC, informed Plaintiff's counsel that he had not received the Order to Show Cause. (Dawson Aff. Ex. C.)[3] Plaintiff's counsel then mailed Mr. Barts a compact disc containing the Order to Show Cause and supporting documents on October 6, 2014, (*id.* ¶ 5), and Mr. Barts acknowledged receipt of these materials on October 12, 2014, (*id.* ¶ 6). The Order to Show Cause hearing was held on October 15, 2014, and Defendants failed to appear at that hearing. On October 21, 2014, after Defendants had failed to appear for the October 15 Order to Show Cause hearing, I ordered that default be entered against Defendants on the issue of liability, and referred the matter to Magistrate Judge Debra Freeman for an inquest on damages. (Doc. 91.)

On October 28, 2014, Magistrate Judge Freeman issued a Scheduling Order instructing Plaintiff to submit Proposed Findings of Fact and Conclusions of Law with respect to its claimed damages no later than December 1, 2014. (Doc. 92.) Magistrate Judge Freeman directed that Plaintiff's submission should "specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has now been established; should demonstrate how Plaintiff has arrived at the proposed damages figure(s); and should be supported by an affidavit that attaches as exhibits and contains an explanation of any documentary evidence that helps establish the proposed damages." (*Id.*) After seeking and obtaining an extension of time, (Docs. 93, 94),

---

[3] "Dawson Aff." refers to the Attorney Affirmation of Eric Dawson. (Doc. 90.)

Plaintiff filed its Proposed Findings of Fact and Conclusions of Law on December 22, 2014, (Doc. 95). Plaintiff sought $907,255.49 in lost profits and $87,747.43 in out-of-pocket expenses as damages from Defendants. (Pl.'s Sub. at 12–13.)[4] On March 5, 2015, Magistrate Judge Freeman issued an Order directing Plaintiff to supplement its findings because Plaintiff's previous submissions failed to demonstrate the amount of Plaintiff's damages with reasonable certainty. (Doc. 98 at 1, 4). The Order directed that Plaintiff's supplemental submission "explain, by way of an affidavit by a person with knowledge of the underlying facts, how the total for each category and sub-category of damages was calculated, with specific reference to the supporting documentation already submitted or documentation that Plaintiff provides with its supplemental submission" and that such explanation should be sufficient to permit Magistrate Judge Freeman to "determine, to a reasonable certainty, the extent of Plaintiff's damages." (*Id.* at 5.) Magistrate Judge Freeman also cautioned Plaintiff that failure to make such submissions may result in a recommendation of no damages, and directed Plaintiff to make any such submissions by March 20, 2015. (*Id.*) Although Plaintiff submitted unredacted versions of its Proposed Findings of Fact and a previously filed affidavit, Plaintiff failed to make any additional submissions, and on August 19, 2015, Magistrate Judge Freeman issued the Report recommending no damages. (Doc. 100.)

## II.  Legal Standard

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*;

---

[4] "Pl.'s Sub." refers to Plaintiff's Proposed Findings of Fact and Conclusions of Law. (Doc. 95.)

*see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error.  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  The Court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

**III.    Discussion**

For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Magistrate Judge Freeman's Report and Recommendation.

Having conducted a review of the Report and applicable legal authorities, I find that the Report is not clearly erroneous.  *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).  The Report concluded that, while Plaintiff claimed to have been substantially injured by Defendant's conduct, (*See* Pl.'s Sub. at 1–2), Plaintiff's submissions failed to demonstrate such injury with reasonable certainty.  Plaintiff appears to have merely submitted a number of

documents purported to be invoices and receipts whose figures neither appear to conform to the numbers stated by Plaintiff in its Complaint as losses (*id.* at 12–13), nor those stated in the affidavit accompanying Plaintiff's submission to Magistrate Judge Freeman as losses (*id.* Ex. A). Indeed, Magistrate Judge Freeman noted in the Report that Plaintiff's submissions appear to be nothing more than "a hodge-podge of documents, largely inscrutable and wholly unexplained, which present dollar figures that neither match nor obviously add up to any of the financial losses claimed." (R&R at 1.)

### IV. Conclusion

Having reviewed the Report and Recommendation for clear error and found none, I hereby ADOPT the Report and Recommendation in its entirety. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 29, 2015
New York, New York

Vernon S. Broderick
United States District Judge